**Ibrahim BARRIE, Petitioner,**

v.

**Alberto R. GONZALES [1] Respondent.**

**No. 04–1501–ag.**

United States Court of Appeals, Second Circuit.

Jan. 6, 2006.

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

358

Thomas V. Massucci, New York, New York, for Petitioner.

Christopher J. Christie, United States Attorney for the District of New Jersey, Susan Handler–Menahem, Assistant United States Attorney, Newark, New Jersey, for Respondent.

PRESENT: CARDAMONE, POOLER, B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

Ibrahim Barrie, through counsel, petitions for review of the BIA decision denying his claims for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history.

Where, as here, the BIA affirms an IJ's adverse credibility finding by stating that one particular inconsistency is sufficient alone to support the finding, this Court reviews only that single inconsistency. *See Majidi v. Gonzales*, 430 F.3d 77, 78 (2d Cir.2005); *see also Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir.2005) (holding that this Court reviews an IJ's decision as modified by the BIA). In this case, because the BIA stated that Barrie's inconsistency regarding when he was arrested and how long he was imprisoned was sufficient alone to support the IJ's adverse credibility finding, this Court reviews only that inconsistency to determine if it is supported by substantial evidence.

This Court reviews the IJ's factual findings under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. U.S. Att'y Gen.*, 400 F.3d 963, 964 (2d Cir.2005); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73–79 (2d Cir.2004); *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178–83 (2d Cir.2004); *Diallo v. INS*, 232 F.3d 279, 286–88 (2d Cir.2000).

In this case, the IJ determined, and the BIA agreed, that Barrie was incredible regarding when he was detained and how long he was detained by the government in Sierra Leone. Barrie does not challenge the existence of the inconsistency; rather he argues that the IJ was incorrect in placing so much weight on the inconsistency and did not properly consider his explanations for the inconsistency. If an applicant provides an explanation for an inconsistency, an IJ must address and consider it. *Cao He Lin v. Gonzales*, 428 F.3d 391, 402 (2d Cir.2005) (referencing *Qiu v. Ashcroft*, 329 F.3d 140, 149–50 (2d Cir.2003)). If an IJ determines that the

explanation was not sufficient to overcome the inconsistency, this Court can overturn the IJ's determination only if a reasonable fact-finder would have been compelled to credit the explanation. *Majidi,* 430 F.3d at 80 (citing *Zhang,* 386 F.3d at 76).

Barrie explained that his first application contained errors because it was not read back to him in his native language before it was submitted. He apparently learned of the errors prior to the interview with the asylum officer, and he decided to tell the asylum officer the same story that was in the application because he was afraid of looking inconsistent. Here, the IJ did consider Barrie's explanations but determined that they did not convince the IJ that Barrie's inconsistencies should be discounted. Because the record does not compel a finding that Barrie's testimony and explanations should be credited, we must uphold the IJ's finding.

Accordingly, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).